(152 App. Div. 536.)

MITCHELL v. T. A. GILLESPIE CO.

(Supreme Court, Appellate Division, Third Department.   September 11,
1912.)

1. TRIAL (§ 260*)—WRONGFUL DEATH—INSTRUCTIONS.

In an action for the wrongful death of an employé, a requested in-
struction that the employer was not an insurer of the safety of the
deceased, and was only obliged to use reasonable care for his safety,
was not sufficiently covered by an instruction merely that the em-
ployer was not the insurer of the safety of deceased, and the refusal of
such requested instruction was error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec.
Dig. § 260.*]

2. TRIAL (§ 252*)—WRONGFUL DEATH—INSTRUCTIONS.

Where, in an action for the death of an employé, there was no evi-
dence of any intervening cause, but it appeared that his death was
caused either by the defendant's negligence or by unavoidable acci-
dent, and the court instructed that the defendant was not liable un-
less negligent, it was not error to refuse an instruction that, before
the jury could "find a verdict against the defendant, they must find
the defendant was guilty of some act of negligence, and that that act
was the proximate cause" of the death.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612;
Dec. Dig. § 252.*]

Betts, J., dissenting.

Appeal from Trial Term, Ulster County.

Action by Electra H. Mitchell, as administratrix of George S.
Mitchell, against the T. A. Gillespie Company.  From a judgment
for plaintiff, and an order denying a new trial, defendant appeals.
Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON,
BETTS, and LYON, JJ.

E. Clyde Sherwood, of New York City, for appellant.
Howard Chipp, of Kingston, for respondent.

PER CURIAM.  [1] We would have no hesitation in affirming
the judgment appealed from, except for the refusal of the court
to charge, as requested by the defendant's counsel, that the defend-
ant master was only obliged to use reasonable care for the safety
of plaintiff's intestate, its servant.  In his main charge the learned
trial court instructed the jury only generally that, in order to find
a verdict in behalf of the plaintiff, they must find that the killing
of her intestate was the result of negligence on the part of the
defendant.  There was no instruction as to the degree of care which
the law imposed upon the defendant as master, nor was there any
attempt to define the character of negligence which would render
it liable.  At the close of the charge the defendant's counsel re-
quested the court to further instruct the jury that:

"The defendant in this action was not the insurer of the safety of the de-
ceased.  It was only obliged to use reasonable care for his safety."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In response to this request the court said:

"I will charge that the defendant was not the insurer of the deceased."

And the defendant excepted to the refusal to charge as requested. It is not claimed that this request did not embody the correct rule of law; but it is urged that, because the court did charge that the defendant was not an insurer of the safety of the deceased, the jury must have understood that the defendant's duty was measured by reasonable care only. We do not think the jury could have received such an impression, either from the main charge, or from the separation by the court of the request made by defendant's counsel.

[2] There was a further request made by defendant's counsel as follows:

"I ask you to charge that, before they [the jury] can find a verdict against the defendant, they must find the defendant was guilty of some act of negligence, and that that act was the proximate cause of the deceased losing his life."

The court refused this request, except to say that the jury must find some act of negligence on the part of the defendant. This request embodied a correct rule of law; but, strictly speaking, it was not applicable to the facts proved. There was no intervening cause which might have produced the death of the intestate. His death was caused either by the negligence of the defendant (in the absence of carelessness on the part of the intestate, which under the proofs the jury were justified in finding was not the fact) or by unavoidable accident. There was no intervening agency or act which could have been the proximate cause of his death. If the request was intended to instruct the jury that they must specify by their verdict some one of the negligent acts which the plaintiff asserted the defendant had been guilty of, still the request was properly denied. It was the duty of the jury to determine that the defendant was actually guilty of negligence in some definite particular, and that such act or omission was the proximate cause of the injury; but they need not announce by their general verdict which particular act or omission they regarded as negligent. The refusal of the court to charge as requested constitutes, therefore, no ground for reversal.

For the error in refusing to charge the other request, however, the judgment and orders must be reversed, and a new trial granted, with costs to the appellant to abide the event.

BETTS, J. (dissenting). The jurors, by the form of their verdict in this case, have shown that they were neither deceived nor misled by the charge of the court. They brought in a sealed verdict, in which they found "the defendant guilty of negligence in not having the car covered, and shaft not equipped with light, and the wires not being properly adjusted." None of these matters of negligence, which the jury found had been committed by the defendant, required anything more than reasonable care on de-

fendant's part to provide for the safety of its employés, including the deceased. Hence the jurors' verdict showed that they did not charge the defendant with the exercise of any high degree of care in providing a reasonably safe place for its employés in which to do its work.

Speculation as to what the jury might possibly have done under the court's charge is idle, where, as here, the court has before it what they actually did do in the sealed verdict returned, signed by each of the jurors. Neither the parties nor the courts should be burdened with the additional unnecessary labor, expense, and delay of another trial in this case, upon the judicial refinement shown to be absolutely without merit in this case.

I think the judgment should be affirmed.